1
2
3
4
5
6
7                UNITED STATES DISTRICT COURT OF THE DISTRICT OF OREGON

8                                  PORTLAND, DIVISION

9    SANDRA PETERSEN and KINGWOOD,      )
     TRUST.,                            )   Case No.:   3.18 cv - 01143
10                                      )
                    Plaintiffs,         )   DECLARATION OF KEVIN O'CONNELL
11                                      )
                                        )
12   vs.                                )
                                        )
13   CITY OF MANZANITA, OREGON.         )
                                        )
14                  Defendants.         )
                                        )
15                                      )
                                        )
16

17       I, Kevin O'Connell, hereby declare:

18
         1.      I am an attorney licensed by the state of Oregon to practice law before the Courts of
19
     the State.  I am also admitted to this Court.
20

21       2.      I am a member of Hagen, O'Connell & Hval, LLP.  Joseph T. Hagen and I have

22   been engaged by Plaintiffs for their representation in this proceeding.

23       3.      Attached hereto is  a copy of the deed (Exhibit 1) by which Plaintiff, Kingwood

24   Trust, acquired the property at 181 Edmund Lane, Manzanita, Oregon 97131, which property is the

25   subject to the claims in this case.  This deed reflects a purchase price in 1998 of $189,000.00.

26

     Page 1 –  DECLARATION OF KEVIN O'CONNELL

                              8555 SW Apple Way, Suite 300
                                 Portland, Oregon  97225
                                    (503) 227-2900

1       4.      I am attaching a copy of the property tax statement (Exhibit 2) related to 181

2  Edmund Lane, Manzanita, Oregon 97131, which reflects the current value of $395,920.00.

3

4       5.      I am attaching citations 17-V-000524 A/B, 17-V-000525 A/B, 17-V-000526 A/B,

5  17-V-000580, 17-V-000581, 17-V-000582 A/B (Exhibit 3) and the Order to Show Cause (Exhibit

6  4) concerning a violation of Voluntary Compliance Agreement.

7       6.      The hearing on these matters is scheduled for August 10, 2018.

8

9

10

11

  Dated this ✌ day of June, 2018.

12

13

                   Submitted by:        *[signature]*

14                                 Kevin O'Connell, OSB No. 66092

                                Hagen O'Connell & Hval LLP

15                                 8555 SW Apple Way, Suite 300

                                 Portland, Oregon 97225

16                                 Telephone: (503) 227-2900

                                 Facsimile: (503) 227-3870

17                                 koconnell@hagenoconnell.com

18

19

20

21

22

23

24

25

26

Page 2 – DECLARATION OF KEVIN O'CONNELL



# STATUTORY WARRANTY DEED

CATHERINE FROST FRIAR, also appearing of record as KITTA F. FRIAR as an estate
in fee simple
conveys and warrants to __JEWEL M. BRUSH and SANDRA J. PETERSEN, as Trustees for KINGWOOD__, Grantor,
CO., A TRUST _____, Grantee,
the following described real property free of liens and encumbrances, except as specifically set forth herein:
PARCEL 3, PARTITION PLAT NO. 1992-7, recorded April 17, 1992, in Plat Cabinet
B-339-1 of Partition Plat Records of Tillamook County Oregon, and being situated
in Section 29, Township 3 North, Range 10 West of the Willamette Meridian in
Tillamook County Oregon.

This property is free of liens and encumbrances, EXCEPT: as more particularly set forth on
attached schedule, marked Exhibit A, and by reference incorporated wholly herein

THIS INSTRUMENT WILL NOT ALLOW USE OF THE PROPERTY DESCRIBED IN THIS INSTRUMENT IN
VIOLATION OF APPLICABLE LAND USE LAWS AND REGULATIONS. BEFORE SIGNING OR ACCEPTING
THIS INSTRUMENT, THE PERSON ACQUIRING FEE TITLE TO THE PROPERTY SHOULD CHECK WITH
THE APPROPRIATE CITY OR COUNTY PLANNING DEPARTMENT TO VERIFY APPROVED USES AND TO
DETERMINE ANY LIMITS ON LAWSUITS AGAINST FARMING OR FOREST PRACTICES AS DEFINED IN
ORS 30.930.

The true consideration for this conveyance is $ ____189,000.00____    (Here comply with the requirements of ORS 93.030)

Dated this _9th_ day of _MARCH_    19_98_.

_Catherine Frost Friar_
CATHERINE FROST FRIAR

STATE OF OREGON
County of __Clackamas__ } ss.

BE IT REMEMBERED, That on this __9th__ day of __March__, 19__98__, before me, the
undersigned, a Notary Public in and for said County and State, personally appeared the within named
__Catherine Frost Friar__

known to me to be the identical individual __✓__ described in and who executed the within instrument and acknowledged to
me that ~~THEY~~ SHE executed the same freely and voluntarily.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year last above
written.

OFFICIAL SEAL
SHELBY SCHOONOVER
NOTARY PUBLIC · OREGON
COMMISSION NO. 058981
MY COMMISSION EXPIRES OCT 29, 2000

_Shelby Schoonover_
Notary Public
My Commission expires ____10/29/2000____

EXHIBIT
1

EXHIBIT "A"

1.  Regulations, including levies, liens, assessments, rights of way, and easements of NEHALEM BAY WASTEWATER AGENCY.

2.  The rights of the public in and to that portion of the premises herein described lying within the limits of roads, streets and highways.

3.  An agreement created by instrument, including the terms and provisions thereof,

Dated:          April 5, 1938
Recorded:       April 8, 1938, Book 78, Page 129, Records of Tillamook
                County, Oregon.
In favor of:    Mountain States Power Company
For:            Access and utilities
(Covers additional land)

Title Order No. 650275
Escrow No. 9715847

After recording return to:
JEWEL M. BRUSH
15929 MAIN ST.
BELLEVUE, OR 98008
_____
Name, Address, Zip

Until a change is requested all tax statement shall be sent to the following address.
JEWEL M. BRUSH
15929 MAIN ST.
BELLEVUE, OR 98008
_____
Name, Address, Zip

98367271

I hereby certify that the within instrument was received for record and recorded in the County of Tillamook, State of Oregon.

MAR. 19      3 07 PM '98

BOOK   394   PAGE   612

Witness my hand and seal affixed.
JOSEPHINE _____ County Clerk

_____ , DEPUTY
DWARR                                10.00
A&T                                  20.00
ADMIN                                 1.00
PLCP                                  9.00

Case 3:18-cv-01143-SI    Document 1    Filed 06/28/18    Page 5 of 52

**REAL PROPERTY TAX STATEMENT**
**JULY 1, 2017 TO JUNE 30, 2018**
**TILLAMOOK COUNTY, OREGON**
**201 LAUREL AVE**
**TILLAMOOK, OREGON 97141**

| | TAX ID: |
|---|---|
| | 390390 |

**PROPERTY DESCRIPTION**

| | |
|---|---|
| **CODE:** | 5611 |
| **MAP:** | 3N1029CA04702 |
| **ACRES:** | 0.09 |
| **SITUS:** | 181 EDMUND LN MANZANITA |
| **LEGAL:** | |

PETERSEN, SANDRA J &
% KINGWOOD CO
PO BOX 792
GREENACRES, WA 99016

| | | |
|---|---|---|
| SCHOOL 56 | | 1,330.98 |
| NW REGIONAL ESD | | 45.49 |
| TILLAMOOK BAY CC | | 77.96 |
| EDUCATION TOTAL: | | 1,454.43 |
| | | |
| TILLAMOOK COUNTY | | 458.02 |
| COUNTY LIBRARY | | 192.24 |
| SOLID WASTE | | 12.00 |
| CITY OF MANZANITA | | 125.20 |
| NEHALEM BAY FIRE & RESCUE | | 340.12 |
| NEH BAY WASTEWATER | | 120.91 |
| PORT OF NEHALEM | | 33.60 |
| 4H-EXTENSION SD | | 20.41 |
| EMCD-911 | | 55.69 |
| NORTH CO REC DIST | | 232.49 |
| NEH BAY HEALTH DIST | | 9.14 |
| TILLA TRANSPORTATION | | 59.15 |
| TILLA SOIL & WATER CONS | | 17.75 |
| GENERAL GOVT TOTAL: | | 1,676.72 |
| | | |
| COUNTY LIBRARY | | 16.24 |
| TILLA CNTY BONDS AFTER 2001 | | 84.03 |
| SCHOOL 56 BONDS AFTER 2001 | | 153.94 |
| TILLA BAY CC BONDS AFTER 2001 | | 44.10 |
| BONDS - OTHER TOTAL: | | 298.31 |

| VALUES | LAST YEAR | THIS YEAR |
|---|---|---|
| **REAL MARKET** | | |
| **LAND** | 219,000 | 236,500 |
| **STRUCTURES** | 151,030 | 159,420 |
| **TOTAL RMV** | 370,030 | 395,920 |
| | | |
| **TOTAL ASSESSED** | 287,150 | 295,760 |
| | | |
| **EXEMPTIONS** | | 0 |
| **NET TAXABLE:** | 287,150 | 295,760 |
| | | |
| **TOTAL PROPERTY** | 3,330.81 | 3,429.46 |

**ASSESSMENT / TAX QUESTIONS**      (503) 842-3400
www.co.tillamook.or.us                 1-800-488-8280 X4002

**2017 - 2018 TAX ( Before Discount )**        3,429.46

**PAYMENT OPTIONS**

| Date Due | 3% Option | 2% Option | Trimester Option |
|---|---|---|---|
| 11/15/17 | 3,326.58 | 2,240.58 | 1,143.16 |
| 02/15/18 | | 1,143.15 | 1,143.15 |
| 05/15/18 | | 1,143.15 | 1,143.15 |
| Total | 3,326.58 | 3,383.73 | 3,429.46 |

**TOTAL DUE (After Discount and Pre-payments)**        3,326.58

---

↑ **Tear Here**                PLEASE RETURN THIS PORTION WITH YOUR PAYMENT                **Tear Here** ↑

**2017 - 2018**   **PROPERTY TAXES**        **TILLAMOOK COUNTY REAL**                **TAX ID. 390390**

| PAYMENT OPTIONS | Discount | Date Due | Amount | Date Due | Amount | Date Due 11/15/17 | Amount 3,326.58 |
|---|---|---|---|---|---|---|---|
| Full Payment Enclosed | 3% | | | | | | |
| or 2/3 Payment Enclosed | 2% | 05/15/18 | 1,143.15 | | & | 11/15/17 | 2,240.58 |
| or 1/3 Payment Enclosed | 0% | 05/15/18 | 1,143.15 & | 02/15/18 | 1,143.15 & | 11/15/17 | 1,143.16 |

**( UNPAID DELINQUENT TAX INCLUDED IN PAYMENT AMOUNTS)**

**DISCOUNT IS LOST & INTEREST APPLIES AFTER DUE DATE**        ☐ Mailing address change on back

Enter Payment Amount
$

PETERSEN, SANDRA J &
% KINGWOOD CO
PO BOX 792
GREENACRES, WA 99016

**MAKE PAYMENT TO:**
**TILLAMOOK COUNTY TAX COLLECTOR**

3902 - 021847 - 332658                29100003903900001143160002240

**EXHIBIT**
**2**

For 17
Nov 17
2 pm

# CITATION AND COMPLAINT

### In the Municipal Court of the City of Manzanita
### County of Tillamook, State of Oregon

Citation No. _____

**The undersigned City of Manzanita officer/clerk certifies and states:**

**Date(s) of Violation:**  January 12, 2015 - December 31, 2016 and January 1, 2017 - September 29, 2017

The violation occurred in the City of Manzanita, as it relates to: _181 Edmund Lane_____

(address of property)

| **Violator:** | Name: | Sandra J Peterson |
|---|---|---|
| | Physical Address: | |
| | Mailing Address: | PO Box 792 |
| | City/State/Zip: | Greenacres, WA 99016 |

**A. Did unlawfully and in violation of Manzanita City Ordinance _10-03_ Section _2___**

hereby;  ___Failed  ___Refused  ___Neglected  ___Rendered  ___Rented  _X_ Made  Available
by committing or permitting, a violation _a dwelling unit on a short term rental basis without first obtaining
the required City license from January 12, 2015 through December 31, 2016 (prior ordinance)._
The maximum fine for this Class _n/a_ Violation is $500.00 per day, per violation.

**B. Did unlawfully and in violation of Manzanita City Ordinance _10-03_ Section _2___**

hereby;  ___Failed  ___Refused  ___Neglected  ___Rendered  ___Rented  _X_ Made  Available
by committing or permitting, a violation _a dwelling unit on a short term rental basis without first obtaining
the required City license from January 1, 2017 through September 29, 2017 (current ordinance)._
The maximum fine for this Class _A_ Violation is $1,000.00 per day, per violation.

### IMPORTANT NOTICE

This Citation and Complaint will be filed in the Manzanita Municipal Court. Failure to appear at date
and time specified will result in a default judgment being entered against you in favor of the City of
Manzanita for the maximum fine amount shown.

I hereby certify under penalties by ordinance that I have reasonable grounds and do believe that the person named above committed,
or permitted to be committed, the violation(s) shown.

Date issued _10-4-17_____     By: _Judy C Wilson_____

Manzanita Ordinance Enforcement Officer 612

### Your Court Appearance Date, Time and Locations

You must appear in Manzanita Municipal Court on Friday, October 13, 2017 at
2:00 P.M. at Manzanita City Hall, 543 Laneda Avenue, PO Box 247,
Manzanita, Oregon 97130, to answer to this complaint.

**EXHIBIT**
tabbies
**3**

## CITATION AND COMPLAINT

### In the Municipal Court of the City of Manzanita
### County of Tillamook, State of Oregon

Citation No. _____

The undersigned City of Manzanita officer/clerk certifies and states:

**Date(s) of Violation:**  January 12, 2015 - July 31, 2016 and August 1, 2016 - September 29, 2017

The violation occurred in the City of Manzanita, as it relates to:  181 Edmund Lane
(address of property)

**Violator:**     Name:     Sandra J Peterson

           Physical Address: _____

           Mailing Address:    PO Box 792

           City/State/Zip:    Greenacres, WA  99016

**A. Did unlawfully and in violation of Manzanita City Ordinance  87-5  Section  6**

hereby;    X Failed    ___Refused    ___Neglected    ___Rendered    ___Rented    ___Made Available by committing or permitting, a violation  to register with the City Tax Administrator prior to commencing business as Transient Lodging from January 12, 2015 through July 31, 2016. (prior ordinance)
The maximum fine for this Class  n/a  Violation is $500.00 per day, per violation.

**B. Did unlawfully and in violation of Manzanita City Ordinance  16-03  Section  6(A)**

hereby;    X Failed    ___Refused    ___Neglected    ___Rendered    ___Rented    ___Made Available by committing or permitting, a violation  to register with the City Tax Administrator prior to commencing business as Transient Lodging from August 1, 2016 through September 29, 2017. (current ordinance)
The maximum fine for this Class  A  Violation is $1000.00 per day, per violation.

### IMPORTANT NOTICE

**This Citation and Complaint will be filed in the Manzanita Municipal Court. Failure to appear at date and time specified will result in a default judgment being entered against you in favor of the City of Manzanita for the maximum fine amount shown.**

I hereby certify under penalties by ordinance that I have reasonable grounds and do believe that the person named above committed, or permitted to be committed, the violation(s) shown.

Date issued  10-4-2017        By: _Judy C Wilson_

                                Manzanita Ordinance Enforcement Officer 612

### Your Court Appearance Date, Time and Locations

You must appear in Manzanita Municipal Court on Friday, October 13, 2017  at 2:00 P.M. at Manzanita City Hall, 543 Laneda Avenue, PO Box 247, Manzanita, Oregon 97130, to answer to this complaint.

# CITATION AND COMPLAINT
### In the Municipal Court of the City of Manzanita
### County of Tillamook, State of Oregon

Citation No. _____

**The undersigned City of Manzanita officer/clerk certifies and states:**

**Date(s) of Violation:**   A. August 1, 2016 - September 29, 2017 / B. January 1, 2017 - September 29, 2017

The violation occurred in the City of Manzanita, as it relates to: 181 Edmund Lane
(address of property)

**Violator:**   Name:   Sandra J Peterson

Physical Address: _____

Mailing Address:   PO Box 792

City/State/Zip:   Greenacres, WA  99016

## A. Did unlawfully and in violation of Manzanita City Ordinance  16-03  Section  6(E)

hereby;   X Failed   ___Refused   ___Neglected   ___Rendered   ___Rented   ___Made Available by committing or permitting, a violation to include a Manzanita Certificate of Authority (MCA) number in an advertisement soliciting business for 181 Edmund Lane as Transient Lodging from August 1, 2016 through September 29, 2017. (current ordinance)

The maximum fine for this Class  A  Violation is $1000.00 per day, per violation.

## B. Did unlawfully and in violation of Manzanita City Ordinance  10-03  Section  2(b)

hereby;   X Failed   ___Refused   ___Neglected   ___Rendered   ___Rented   ___Made Available by committing or permitting, a violation to include a license number issued by the City of Manzanita in an advertisement soliciting business for 181 Edmund Lane as a short term rental from January 1, 2017 through September 29, 2017. (current ordinance)

The maximum fine for this Class  C  Violation is $500.00 per day, per violation.

### IMPORTANT NOTICE
**This Citation and Complaint will be filed in the Manzanita Municipal Court. Failure to appear at date and time specified will result in a default judgment being entered against you in favor of the City of Manzanita for the maximum fine amount shown.**

I hereby certify under penalties by ordinance that I have reasonable grounds and do believe that the person named above committed, or permitted to be committed, the violation(s) shown.

Date issued  10-4-2017

By: _____
Manzanita Ordinance Enforcement Officer 612

### Your Court Appearance Date, Time and Locations
You must appear in Manzanita Municipal Court on Friday, October 13, 2017 at 2:00 P.M. at Manzanita City Hall, 543 Laneda Avenue, PO Box 247, Manzanita, Oregon 97130, to answer to this complaint.

# CITY OF MANZANITA
# CITATION AND COMPLAINT

### In the Municipal Court of the City of Manzanita
### County of Tillamook, State of Oregon

Citation No. _____

**The undersigned City of Manzanita officer/clerk certifies and states:**
**Date(s) of Violation:**     September 30, 2017 - November 13, 2017

The violation occurred in the City of Manzanita, as it relates to: _181 Edmund Lane_
(address of property)

**Violator:**   Name:                Sandra J Peterson
        Physical Address:
        Mailing Address:   PO Box 792
        City/State/Zip:      Greenacres, WA 99016

**A. Did unlawfully and in violation of Manzanita City Ordinance _10-03_ Section _2_**
hereby;   ___Failed   ___Refused   ___Neglected   ___Rendered   ___Rented   _X_ Made Available
by committing or permitting, a violation _a dwelling unit on a short term rental basis without first obtaining the required City license._
The maximum fine for this Class _A_ Violation is $1000.00 per day, per violation.

### IMPORTANT NOTICE

This Citation and Complaint will be filed in the Manzanita Municipal Court. Failure to appear at date and time specified will result in a default judgment being entered against you in favor of the City of Manzanita for the maximum fine amount shown.

I hereby certify under penalties by ordinance that I have reasonable grounds and do believe that the person named above committed, or permitted to be committed, the violation(s) shown.

Date issued ___November 13, 2017___      By: _____
                                    Manzanita Ordinance Enforcement Officer 612

### Your Court Appearance Date, Time and Locations

You must appear in Manzanita Municipal Court on Friday, December 15, 2017____ at
2:00 P.M. at Manzanita City Hall, 543 Laneda Avenue, PO Box 247,
Manzanita, Oregon 97130, to answer to this complaint.

# CITY OF MANZANITA
# CITATION AND COMPLAINT

### In the Municipal Court of the City of Manzanita
### County of Tillamook, State of Oregon

Citation No. _____

**The undersigned City of Manzanita officer/clerk certifies and states:**

**Date(s) of Violation:** _____September 30, 2017 - November 13, 2017_____

_____

The violation occurred in the City of Manzanita, as it relates to: _181 Edmund Lane_____
(address of property)

| **Violator:** | Name: | Sandra J Peterson |
|---|---|---|
| | Physical Address: | |
| | Mailing Address: | PO Box 792 |
| | City/State/Zip: | Greenacres, WA 99016 |

### A. Did unlawfully and in violation of Manzanita City Ordinance _16-03_ Section _6(A)_

hereby;   _X_ Failed   ____Refused   ____Neglected   ____Rendered   ____Rented   ____Made Available
by committing or permitting, a violation _to register with the City Tax Administrator prior to commencing_
_business as Transient Lodging._
The maximum fine for this Class _A_ Violation is $_1000.00_ per day, per violation.

### IMPORTANT NOTICE

**This Citation and Complaint will be filed in the Manzanita Municipal Court. Failure to appear at date and time specified will result in a default judgment being entered against you in favor of the City of Manzanita for the maximum fine amount shown.**

I hereby certify under penalties by ordinance that I have reasonable grounds and do believe that the person named above committed, or permitted to be committed, the violation(s) shown.

Date issued _November 13, 2017_____

By:_____

Manzanita Ordinance Enforcement Officer 612

### Your Court Appearance Date, Time and Locations

You must appear in Manzanita Municipal Court on Friday, _December 15, 2017_____ at
2:00 P.M. at Manzanita City Hall, 543 Laneda Avenue, PO Box 247,
Manzanita, Oregon 97130, to answer to this complaint.

# CITY OF MANZANITA
# CITATION AND COMPLAINT

### In the Municipal Court of the City of Manzanita
### County of Tillamook, State of Oregon

Citation No. _____

**The undersigned City of Manzanita officer/clerk certifies and states:**

**Date(s) of Violation:**   September 30, 2017 - November 13, 2017

The violation occurred in the City of Manzanita, as it relates to: _181 Edmund Lane_

(address of property)

**Violator:**   Name:   Sandra J Peterson

Physical Address:

Mailing Address:   PO Box 792

City/State/Zip:   Greenacres, WA  99016

### A.  Did unlawfully and in violation of Manzanita City Ordinance  16-03  Section  6(E)

hereby;   X Failed   ___Refused   ___Neglected   ___Rendered   ___Rented   ___Made  Available
by committing or permitting, a violation _to include a Manzanita Certificate of Authority (MCA) number in an advertisement soliciting business for 181 Edmund Lane as Transient Lodging._
The maximum fine for this Class  A  Violation is $1000.00  per day, per violation.

### B.  Did unlawfully and in violation of Manzanita City Ordinance  10-03  Section  2(b)

hereby;   X Failed   ___Refused   ___Neglected   ___Rendered   ___Rented   ___Made  Available
by committing or permitting, a violation _to include a license number issued by the City of Manzanita in an advertisement soliciting business for 181 Edmund Lane as a short term rental._
The maximum fine for this Class  C  Violation is $500.00  per day, per violation.

### IMPORTANT NOTICE

**This Citation and Complaint will be filed in the Manzanita Municipal Court.  Failure to appear at date and time specified will result in a default judgment being entered against you in favor of the City of Manzanita for the maximum fine amount shown.**

I hereby certify under penalties by ordinance that I have reasonable grounds and do believe that the person named above committed, or permitted to be committed, the violation(s) shown.

Date issued November 13, 2017                    By: _Judy C Wilson_

Manzanita Ordinance Enforcement Officer 612

### Your Court Appearance Date, Time and Locations

You must appear in Manzanita Municipal Court on Friday, _December 15, 2017_   at
2:00 P.M. at Manzanita City Hall, 543 Laneda Avenue, PO Box 247,
Manzanita, Oregon 97130, to answer to this complaint.

# CITY OF MANZANITA
# CITATION AND COMPLAINT

### In the Municipal Court of the City of Manzanita
### County of Tillamook, State of Oregon

Citation No. _____

**The undersigned City of Manzanita officer/clerk certifies and states:**

**Date(s) of Violation:**   three nights including April 5, 2018

The violation occurred in the City of Manzanita, as it relates to: _181 Edmund Lane_
(address of property)

**Violator:**    Name:            Sandra J Petersen _____
                 Physical Address: _____
                 Mailing Address:  PO Box 792 _____
                 City/State/Zip:   Greenacres, WA  99016 _____

**A. Did unlawfully and in violation of Manzanita City Ordinance _10-03_ Section _2___**
hereby;   ___Failed   ___Refused   ___Neglected   ___Rendered   ___Rented   _X_ Made  Available
by committing or permitting, a violation _a dwelling unit on a short term rental basis without first obtaining
the required City license._

The maximum fine for this Class _A_  Violation is _$1000.00_ per day, per violation.

### IMPORTANT NOTICE
**This Citation and Complaint will be filed in the Manzanita Municipal Court.  Failure to appear at date
and time specified will result in a default judgment being entered against you in favor of the City of
Manzanita for the maximum fine amount shown.**

I hereby certify under penalties by ordinance that I have reasonable grounds and do believe that the person named above committed,
or permitted to be committed, the violation(s) shown.

Date issued _____April 6, 2018_____          By: _____
                                              Manzanita Ordinance Enforcement Officer 612

### Your Court Appearance Date, Time and Locations

You must appear in Manzanita Municipal Court on Friday, _April 20, 2018_  at
2:00 P.M. at Manzanita City Hall, 543 Laneda Avenue, PO Box 247,
Manzanita, Oregon 97130, to answer to this complaint.

# CITATION AND COMPLAINT

### In the Municipal Court of the City of Manzanita
### County of Tillamook, State of Oregon

Citation No. _____

**The undersigned City of Manzanita officer/clerk certifies and states:**

**Date(s) of Violation:**   three nights including April 5, 2018 _____

The violation occurred in the City of Manzanita, as it relates to: __181 Edmund Lane_____
(address of property)

| **Violator:** | Name: | Sandra J Petersen _____ |
| | Physical Address: | _____ |
| | Mailing Address: | PO Box 792 _____ |
| | City/State/Zip: | Greenacres, WA 99016 _____ |

**A. Did unlawfully and in violation of Manzanita City Ordinance  16-03  Section  6(A)**

hereby;   _X_ Failed   ____Refused   ____Neglected   ____Rendered   ____Rented   ____Made Available

by committing or permitting, a violation  to register with the City Tax Administrator prior to commencing

business as Transient Lodging. _____

The maximum fine for this Class  A  Violation is  $1000.00  per day, per violation.

### IMPORTANT NOTICE

**This Citation and Complaint will be filed in the Manzanita Municipal Court.  Failure to appear at date and time specified will result in a default judgment being entered against you in favor of the City of Manzanita for the maximum fine amount shown.**

I hereby certify under penalties by ordinance that I have reasonable grounds and do believe that the person named above committed, or permitted to be committed, the violation(s) shown.

Date issued April 6, 2018 _____

By: _Judy C Wilcox_ _____

Manzanita Ordinance Enforcement Officer 612

### Your Court Appearance Date, Time and Locations
You must appear in Manzanita Municipal Court on Friday, April 20, 2018  at
2:00 P.M. at Manzanita City Hall, 543 Laneda Avenue, PO Box 247,
Manzanita, Oregon 97130, to answer to this complaint.

FOR THE CITY OF MANZANITA
COUNTY OF TILLAMOOK, STATE OF OREGON

<u>VOLUNTARY COMPLIANCE AGREEMENT</u>

<u>NAME:</u> Sandra Petersen
<u>MANZANITA PROPERTY ADDRESS:</u> 181 Edmund, Manzanita, Oregon 97131
<u>MAILING ADDRESS:</u> PO Box 792, Greenacres, Washington  99016

Sandra Petersen is the owner of the address listed above which is located in the City of Manzanita, County of Tillamook, State of Oregon.

Sandra Petersen enters pleas of guilty to the charges listed on Citation Nos: 17-V-000524 A/B, 17-V-000525 A/B, 17-V-000526 A/B, 17-V-000580, 17-V-000581, 17-V-000582 A/B and agrees as follows:

1.  The City agrees to hold this citation in exchange for the execution of this agreement.

2.  The homeowner(s) agree to follow and abide by all terms of the short term rental/transient lodging tax ordinances of the City of Manzanita, specifically those portions of the ordinance that may be attached hereto and made a material part hereby reference.

3.  I/We will keep the Court advised of any change of home ownership and/or change of mailing address.

4.  Failure to comply with this Voluntary Compliance Agreement may result in execution of a Money Judgment in the amount of $1,875,500.00, for the ordinance violations that are the subject of this agreement.  I also agree that as part of this agreement, I will pay a fine in the amount of $7,500.00 which includes reimbursing the City of Manzanita for the fees of the City Prosecutor.

5.  This Voluntary Compliance Agreement will terminate two years from the date of execution of this agreement, at which time the City will dismiss the citation.

I hereby understand the terms, conditions and subsequent consequences and enter into the voluntary compliance agreement.

_____      _____
Homeowner Signature/ Printed Name                        Date
Sandra Petersen

Agreement to terms/signature_____      _____
                                        City Prosecutor                   Date

Agreement to terms/signature_____      _____
                                        Defendant Attorney               Date

**EXHIBIT**
**4**
tabbies

EXHIBIT C - Page 1 of 1

1
2
3
4
5
6          **IN THE MUNICIPAL COURT OF THE STATE OF OREGON**
7              **TILLAMOOK COUNTY, CITY OF MANZANITA**
8

City of Manzanita,

9                                              Case Nos.:    **17-V-524A/B**
                                                             **17-V-525A/B**
          Plaintiff,                                         **17-V-526A/B**
10

11      vs.                                 **DEFENDANT'S OBJECTION TO CITY'S**
                                            **MOTION FOR ORDER TO SHOW CAUSE**
                                            **RE: VIOLATION OF VOLUNTARY**
12                                          **COMPLIANCE AGREEMENT**

Sandra J. Petersen, an individual,
13
          Defendant.                        **ORAL ARGUMENT AND EXPEDITED**
14                                          **HEARING REQUESTED**

15                                          **(Estimated Time: 30 minutes)**

16                            **INTRODUCTION**

17          On April 25, 2018, The City of Manzanita submitted its Motion for Order to Show Cause

18  Re: Violation of Voluntary Compliance Agreement ("City's Motion"). Defendant Sandra J.

19  Petersen hereby objects to the City's Motion. Although the Agreement was effective as of

20  February 28, 2018, the time for performance under such agreement had not become due until

21  April 20, 2018.

22          In support of this motion, Defendant relies on the following Memorandum of Points and

23  Authorities and the papers and pleadings on file herein.

24          ///

25          ///

26  ┌─────────────────────────────────────────────────────────────
    **DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER**        Zuplaw Law Firm LLC
    **TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY**              615 Broadway St., Suite 216
    **COMPLIANCE AGREEMENT**                                      Seaside, OR 97138
                                                      Tel: (503) 747-9836 / Fax: (503) 902-7900

    **Page 1 of 6**

1

## REQUEST FOR EXPEDITED HEARING

2       The City has requested a hearing for its proposed show cause order on August 10, 2018,

3 the same day that Defendant Ms. Petersen is scheduled for trial on new alleged violations. For

4 the sake of judicial efficiency, Ms. Petersen respectfully requests a hearing on the City's Motion

5 (and on this objection) at a time prior to this date. Doing so will allow both parties (as well as

6 this Court) to better prepare for and to anticipate the substance of the August 10, 2018

7 appearance.

8

9

## MEMORANDUM OF POINTS AND AUTHORITIES

10

**A.**    **Brief Factual Background**

11

12       On February 28, 2018, Plaintiff City of Manzanita and Defendant Sandra Petersen

entered into a settlement agreement regarding the above-captioned case (the "Agreement"). *See*

13

Declaration of Christian Zupancic in Support of Defendant's Motion to Enforce Agreement

14

("Zupancic Decl."), Exhibit C (on file herein). The City conditioned the Agreement upon this

15

Court's final approval and the parties' mutual execution of a Voluntary Compliance Agreement

16

("VCA"). *See* Zupancic Decl., Ex. A at pg.1.

17

      However, prior to the time period allowed for this condition to occur, the City repudiated

18

the Agreement on March 19, 2018. Approximately two weeks later, on April 6, 2018, the City

19

issued Ms. Petersen new citations for alleged violations of the City's short-term rental

20

ordinances. *Id.* Ex. B at pg. 5.

21

      Due to Plaintiff's repudiation of the Agreement on March 19, 2018, Defendant Ms.

22

Petersen filed a motion to enforce the Agreement as originally formed. On April 20, 2018, this

23

Court held a hearing on Defendant's motion. *See* Sworn Declaration of Counsel [Stacy

24

Rodriguez] in support of Motion for Order to Show Cause ("Rodriguez Decl."), ¶ 2. At this

25

hearing, the Court ordered that the Agreement be enforced and to be effective as of February 28,

26

**DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER**
**TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY**
**COMPLIANCE AGREEMENT**

1  2018.[1] *Id.*  The Court further ordered Ms. Petersen to pay $7,500 to the City within 60 days of

2  April 20, 2018.

3       After the hearing, (on April 25, 2018), the City moved this Court for an Order to Show

4  Cause Re: Violation of Voluntary Compliance Agreement, citing Ms. Petersen's alleged

5  violation of short-term rental ordinances as described above.

6       Defendant now submits this objection to the City's Motion.

7  **A.    Contract Formation vs. Time of Performance**

8       As detailed above, the City conditioned the Agreement upon this Court's approval and

9  upon the parties' execution of a final VCA. In other words, while the agreement itself had been

10  formed via email exchange on February 28, 2018, the time for performance would not be due

11  until this Court had approved it and until both parties had signed the VCA.

12       As Defendant had outlined in its previous Motion to Enforce Settlement Agreement (on

13  file herein), there is an explicit distinction between the time a contract is formed and the time that

14  a contract must be <u>performed</u>. *See, e.g., Bridge City Family Med. Clinic, P.C. v. Kent & Johnson,*

15  *LLP,* 270 Or App 115, 124, 346 P3d 658, 664 (2015) ("a condition precedent… is a condition on

16  which *performance* is contingent.") (quoting *D'Angelo v. Schultz,* 110 Or.App. 445, 450, 823

17  P.2d 997 (1992), *rev. den.,* 313 Or. 209, 830 P.2d 595) (emphasis in original.) Essentially, a

18  contract may be formed at one date but not require the parties' respective performance until

19  some later date. *Id.* [2] In this case, the contract between Plaintiff Ms. Petersen and Defendant had

20

21  [1] In her declaration, Ms. Rodriguez states that the Voluntary Compliance Agreement ("VCA") had been approved
by the Court on April 20, 2018, but "signed nunc pro tunc to February 28, 2018." Rodriguez Decl. ¶ 2. This may be

22  an overstatement of the court's ruling: this Court ordered that the settlement agreement would be effective as of
February 28, 2018, but did not specifically address the parties' execution of the VCA.

23  [2] *Bridge City* is instructive here. In that case, the two parties exchanged emails indicating that they had reached an
agreement based on a certain dollar amount. The parties further agreed that the release was not to become effective

24  until signed. The Court in that case explained that "the *contract* between the parties was achieved when they reached

25  an accord on the dollar amount," while "the signing of the release was a condition precedent to the *performance* of
the contract." *Id.* (Emphasis added and in original).

26  **DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER**
**TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY**
**COMPLIANCE AGREEMENT**

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Tel: (503) 747-9836 / Fax: (503) 902-7900

Page 3 of 6

1 been formed upon acceptance (via email) between the two parties: in turn, it was to be ultimately

2 enforceable upon assent from this Court. *Id.* Prior to that time, neither party could have

3 performed— nor could they have been expected to perform— their respective obligations

4 thereunder.

5      To further illustrate, at the hearing on April 20, 2018 this Court ordered Ms. Petersen to

6 pay $7,500 within 60 days of such date: Ms. Petersen could not have been expected to pay this

7 amount until the Court had so approved the Agreement and given her a timeline for payment.

8 Nor could the City have reasonably moved for a "show-cause" order for Ms. Petersen's "failure"

9 to pay this $7,500 amount. This is because neither party had understood the VCA to have yet

10 taken effect.[3]

11      The particular timeline for performance in this case is also apparent by the reasonable

12 expectations of the parties and the language of the VCA itself. For example, in the VCA, it states

13 that "[the VCA] will terminate two years from the date of execution of this agreement, at which

14 time the City will dismiss the citation." Zupancic Decl., Ex. C, ¶ 5. There is no practical way to

15 determine when "two years from the date of execution" of a particular agreement would be until

16 that agreement is, in fact, executed. Additionally, the VCA at issue here states that "[t]he City

17 agrees to hold this citation in exchange for the execution of this agreement..." *Id.* ¶ 1. As this

18 Court is aware, the City did not in fact "hold" or otherwise suspend its prosecution of Ms.

19 Petersen's citations after February 28, 2018, but instead appeared at the April 20, 2018 hearing in

20 order to continue that prosecution. The City's actions did not, of course, violate the VCA

21

[3] Furthermore, it would be disingenuous for the City to have declared that the agreement was void, yet still insist
22 that it expected Ms. Petersen to perform after such declaration. *See* Zupancic Decl., Ex. B at pg.5. Assuming
arguendo that performance *was* due under the Agreement during the stated period, the City's actions alone likely
23 excuse Ms. Petersen from such performance. The relevant rule in Oregon is that one party's repudiation of a
contract will excuse the other party from performing, so long as the injured party was "able" to perform but for the
24 repudiation. *Aurora Aviation, Inc. v. AAR W. Skyways, Inc.*, 75 Or App 598, 603-604, 707 P2d 631, 634 (1985). In
this case, the City had repudiated the contract during the relevant time period; Ms. Petersen, on the other hand, was
25 ready and able to perform at the time of the City's repudiation. Thus, owing to the City's repudiation, Ms. Petersen
was excused from performing even if performance would otherwise be due. *Id.*

26 **DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER**
**TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY**
**COMPLIANCE AGREEMENT**

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Tel: (503) 747-9836 / Fax: (503) 902-7900

Page 4 of 6

1  because Ms. Petersen did not expect the City to "hold" the citations until the VCA had been

2  executed (with this Court's approval); neither could the City have reasonably expected Ms.

3  Petersen to have performed her duties under the VCA until this same designated time.

4       In sum, Ms. Petersen did not violate the VCA or the Agreement because—at the time of

5  the alleged violation— the time for the parties to perform had not yet come due.[4] The City's

6  Motion must therefore be denied as a matter of law.

7                              **CONCLUSION**

8       For the reasons discussed above, Defendant respectfully requests that this Court deny

9  Plaintiff's Motion for Order to Show Cause Re: Violation of Voluntary Compliance Agreement.

10

11  Respectfully submitted this   5.2.18                              .

12

13

14                              _____
                                Submitted by: Christian Zupancic, OSB No. 135475
15                              Attorney for Defendant
                                615 Broadway St., Suite 216
16                              Seaside, OR 97138
                                christian@zuplaw.com
17                              Phone: (503) 747-9836 / Fax: (503) 902-7900
                                Trial Attorney: Christian Zupancic
18

19

20

21

22

23

24

25  [4] Ostensibly, the time for the parties' performance is still not due, as neither party has signed the VCA (excepting for this Court's order that Ms. Petersen pay $7,500 within the stated timeline).

26  **DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER**      Zuplaw Law Firm LLC
    **TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY**            615 Broadway St., Suite 216
    **COMPLIANCE AGREEMENT**                                 Seaside, OR 97138
                                                             Tel: (503) 747-9836 / Fax: (503) 902-7900

    **Page 5 of 6**

1

## ATTORNEY CERTIFICATE OF SERVICE

2

    I hereby certify that I served a true and correct copy of the foregoing, certified by me as such,

3

on the parties below on the date and in the manner indicated:

4

5

Stacy C. Rodriguez
217 N Hemlock

6

PO Box 952
Cannon Beach OR  97110

7

scrlaw00@gmail.com

8

9

    On May__ 2 __, 2018 by email and first class mail.

10

11

12

              Christian Zupancic, OSB No. 135475
              christian@zuplaw.com

13

              615 Broadway St., Suite 216
              Seaside, OR 97138

14

              Tel: (503) 747-9836 / Fax: (503) 902-7900
              Trial Attorney: Christian Zupancic, OSB No. 135475

15

              Attorney for Defendant, Sandra J. Petersen

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY'S CERTIFICATE OF SERVICE

Page 6 of 6

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Phone: (503) 747-9836 / Fax: (503) 902-7900

1
2
3
4
5
6           **IN THE MUNICIPAL COURT OF THE STATE OF OREGON**

7           **TILLAMOOK COUNTY, CITY OF MANZANITA**

8

City of Manzanita,                          Case Nos.:    **17-V-524A/B**
9                                                         **17-V-525A/B**
        Plaintiff,                                        **17-V-526A/B**
10
                                            **DEFENDANT'S OBJECTION TO CITY'S**
11      vs.                                 **MOTION FOR ORDER TO SHOW CAUSE**
                                            **RE: VIOLATION OF VOLUNTARY**
12                                          **COMPLIANCE AGREEMENT**
Sandra J. Petersen, an individual,
13
        Defendant.                          **ORAL ARGUMENT AND EXPEDITED**
14                                          **HEARING REQUESTED**

15                                          **(Estimated Time: 30 minutes)**

16                          <u>**INTRODUCTION**</u>

17           On April 25, 2018, The City of Manzanita submitted its Motion for Order to Show Cause

18  Re: Violation of Voluntary Compliance Agreement ("City's Motion"). Defendant Sandra J.

19  Petersen hereby objects to the City's Motion. Although the Agreement was effective as of

20  February 28, 2018, the time for performance under such agreement had not become due until

21  April 20, 2018.

22           In support of this motion, Defendant relies on the following Memorandum of Points and

23  Authorities and the papers and pleadings on file herein.

24           ///

25           ///

26  ─────────────────────────────────────────────
    **DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER**          Zuplaw Law Firm LLC
    **TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY**                  615 Broadway St., Suite 216
    **COMPLIANCE AGREEMENT**                                      Seaside, OR 97138
                                                                  Tel: (503) 747-9836 / Fax: (503) 902-7900
    **Page 1 of 6**

1

**REQUEST FOR EXPEDITED HEARING**

2      The City has requested a hearing for its proposed show cause order on August 10, 2018,

3 the same day that Defendant Ms. Petersen is scheduled for trial on new alleged violations. For

4 the sake of judicial efficiency, Ms. Petersen respectfully requests a hearing on the City's Motion

5 (and on this objection) at a time prior to this date. Doing so will allow both parties (as well as

6 this Court) to better prepare for and to anticipate the substance of the August 10, 2018

7 appearance.

8

9

**MEMORANDUM OF POINTS AND AUTHORITIES**

10

**A.    Brief Factual Background**

11

12      On February 28, 2018, Plaintiff City of Manzanita and Defendant Sandra Petersen

entered into a settlement agreement regarding the above-captioned case (the "Agreement"). *See*

13 Declaration of Christian Zupancic in Support of Defendant's Motion to Enforce Agreement ("

14 Zupancic Decl."), Exhibit C (on file herein). The City conditioned the Agreement upon this

15 Court's final approval and the parties' mutual execution of a Voluntary Compliance Agreement

16 ("VCA"). *See* Zupancic Decl., Ex. A at pg.1.

17      However, prior to the time period allowed for this condition to occur, the City repudiated

18 the Agreement on March 19, 2018. Approximately two weeks later, on April 6, 2018, the City

19 issued Ms. Petersen new citations for alleged violations of the City's short-term rental

20 ordinances. *Id.* Ex. B at pg. 5.

21      Due to Plaintiff's repudiation of the Agreement on March 19, 2018, Defendant Ms.

22 Petersen filed a motion to enforce the Agreement as originally formed. On April 20, 2018, this

23 Court held a hearing on Defendant's motion. *See* Sworn Declaration of Counsel [Stacy

24 Rodriguez] in support of Motion for Order to Show Cause ("Rodriguez Decl."), ¶ 2. At this

25 hearing, the Court ordered that the Agreement be enforced and to be effective as of February 28,

26

---

**DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER
TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY
COMPLIANCE AGREEMENT**

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Tel: (503) 747-9836 / Fax: (503) 902-7900

1   2018.[1] *Id.* The Court further ordered Ms. Petersen to pay $7,500 to the City within 60 days of
2   April 20, 2018.

3       After the hearing, (on April 25, 2018), the City moved this Court for an Order to Show
4   Cause Re: Violation of Voluntary Compliance Agreement, citing Ms. Petersen's alleged
5   violation of short-term rental ordinances as described above.

6       Defendant now submits this objection to the City's Motion.

7   **A.    Contract Formation vs. Time of Performance**

8       As detailed above, the City conditioned the Agreement upon this Court's approval and
9   upon the parties' execution of a final VCA. In other words, while the agreement itself had been
10  formed via email exchange on February 28, 2018, the time for performance would not be due
11  until this Court had approved it and until both parties had signed the VCA.

12      As Defendant had outlined in its previous Motion to Enforce Settlement Agreement (on
13  file herein), there is an explicit distinction between the time a contract is formed and the time that
14  a contract must be <u>performed</u>. *See, e.g., Bridge City Family Med. Clinic, P.C. v. Kent & Johnson,*
15  *LLP,* 270 Or App 115, 124, 346 P3d 658, 664 (2015) ("a condition precedent… is a condition on
16  which *performance* is contingent.") (quoting *D'Angelo v. Schultz,* 110 Or.App. 445, 450, 823
17  P.2d 997 (1992), *rev. den.,* 313 Or. 209, 830 P.2d 595) (emphasis in original.) Essentially, a
18  contract may be formed at one date but not require the parties' respective performance until
19  some later date. *Id.* [2] In this case, the contract between Plaintiff Ms. Petersen and Defendant had

20

21  [1] In her declaration, Ms. Rodriguez states that the Voluntary Compliance Agreement ("VCA") had been approved
    by the Court on April 20, 2018, but "signed nunc pro tunc to February 28, 2018." Rodriguez Decl. ¶ 2. This may be
22  an overstatement of the court's ruling: this Court ordered that the settlement agreement would be effective as of
    February 28, 2018, but did not specifically address the parties' execution of the VCA.

23  [2] *Bridge City* is instructive here. In that case, the two parties exchanged emails indicating that they had reached an
    agreement based on a certain dollar amount. The parties further agreed that the release was not to become effective
24  until signed. The Court in that case explained that "the *contract* between the parties was achieved when they reached
    an accord on the dollar amount," while "the signing of the release was a condition precedent to the *performance* of
25  the contract." *Id.* (Emphasis added and in original).

26  **DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER**          Zuplaw Law Firm LLC
    **TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY**                  615 Broadway St., Suite 216
    **COMPLIANCE AGREEMENT**                                      Seaside, OR 97138
                                                                  Tel: (503) 747-9836 / Fax: (503) 902-7900

    Page 3 of 6

1  been formed upon acceptance (via email) between the two parties: in turn, it was to be ultimately
2  enforceable upon assent from this Court. *Id.* Prior to that time, neither party could have
3  performed— nor could they have been expected to perform— their respective obligations
4  thereunder.

5       To further illustrate, at the hearing on April 20, 2018 this Court ordered Ms. Petersen to
6  pay $7,500 within 60 days of such date: Ms. Petersen could not have been expected to pay this
7  amount until the Court had so approved the Agreement and given her a timeline for payment.
8  Nor could the City have reasonably moved for a "show-cause" order for Ms. Petersen's "failure"
9  to pay this $7,500 amount. This is because neither party had understood the VCA to have yet
10  taken effect.[3]

11      The particular timeline for performance in this case is also apparent by the reasonable
12  expectations of the parties and the language of the VCA itself. For example, in the VCA, it states
13  that "[the VCA] will terminate two years from the date of execution of this agreement, at which
14  time the City will dismiss the citation." Zupancic Decl., Ex. C, ¶ 5. There is no practical way to
15  determine when "two years from the date of execution" of a particular agreement would be until
16  that agreement is, in fact, executed. Additionally, the VCA at issue here states that "[t]he City
17  agrees to hold this citation in exchange for the execution of this agreement..." *Id.* ¶ 1. As this
18  Court is aware, the City did not in fact "hold" or otherwise suspend its prosecution of Ms.
19  Petersen's citations after February 28, 2018, but instead appeared at the April 20, 2018 hearing in
20  order to continue that prosecution. The City's actions did not, of course, violate the VCA

21

[3] Furthermore, it would be disingenuous for the City to have declared that the agreement was void, yet still insist
22  that it expected Ms. Petersen to perform after such declaration. *See* Zupancic Decl., Ex. B at pg.5. Assuming
   arguendo that performance *was* due under the Agreement during the stated period, the City's actions alone likely
23  excuse Ms. Petersen from such performance. The relevant rule in Oregon is that one party's repudiation of a
   contract will excuse the other party from performing, so long as the injured party was "able" to perform but for the
24  repudiation. *Aurora Aviation, Inc. v. AAR W. Skyways, Inc.*, 75 Or App 598, 603-604, 707 P2d 631, 634 (1985). In
   this case, the City had repudiated the contract during the relevant time period; Ms. Petersen, on the other hand, was
25  ready and able to perform at the time of the City's repudiation. Thus, owing to the City's repudiation, Ms. Petersen
   was excused from performing even if performance would otherwise be due. *Id.*

26  **DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER**            Zuplaw Law Firm LLC
    **TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY**              615 Broadway St., Suite 216
    **COMPLIANCE AGREEMENT**                                      Seaside, OR 97138
                                                    Tel: (503) 747-9836 / Fax: (503) 902-7900

    Page 4 of 6

1  because Ms. Petersen did not expect the City to "hold" the citations until the VCA had been

2  executed (with this Court's approval); neither could the City have reasonably expected Ms.

3  Petersen to have performed her duties under the VCA until this same designated time.

4      In sum, Ms. Petersen did not violate the VCA or the Agreement because—at the time of

5  the alleged violation— the time for the parties to perform had not yet come due.[4] The City's

6  Motion must therefore be denied as a matter of law.

7  ## CONCLUSION

8      For the reasons discussed above, Defendant respectfully requests that this Court deny

9  Plaintiff's Motion for Order to Show Cause Re: Violation of Voluntary Compliance Agreement.

10

11  Respectfully submitted this _____.

12

13

14                                        _____

15  Submitted by: Christian Zupancic, OSB No. 135475
Attorney for Defendant

16  615 Broadway St., Suite 216
Seaside, OR 97138

17  christian@zuplaw.com
Phone: (503) 747-9836 / Fax: (503) 902-7900

18  Trial Attorney: Christian Zupancic

19

20

21

22

23

24

25  [4] Ostensibly, the time for the parties' performance is still not due, as neither party has signed the VCA (excepting for this Court's order that Ms. Petersen pay $7,500 within the stated timeline).

26
**DEFENDANT'S OBJECTION TO CITY'S MOTION FOR ORDER TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY COMPLIANCE AGREEMENT**

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Tel: (503) 747-9836 / Fax: (503) 902-7900

Page 5 of 6

1

## ATTORNEY CERTIFICATE OF SERVICE

2

3

I hereby certify that I served a true and correct copy of the foregoing, certified by me as such, on the parties below on the date and in the manner indicated:

4

5

Stacy C. Rodriguez
217 N Hemlock
PO Box 952
Cannon Beach OR 97110
scrlaw00@gmail.com

6

7

8

9

On May____, 2018 by email and first class mail.

10

11

12

_____
Christian Zupancic, OSB No. 135475
christian@zuplaw.com
615 Broadway St., Suite 216
Seaside, OR 97138
Tel: (503) 747-9836 / Fax: (503) 902-7900
Trial Attorney: Christian Zupancic, OSB No. 135475

13

14

15

Attorney for Defendant, Sandra J. Petersen

16

17

18

19

20

21

22

23

24

25

26

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Phone: (503) 747-9836 / Fax: (503) 902-7900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# IN THE MUNICIPAL COURT OF THE STATE OF OREGON

## TILLAMOOK COUNTY, CITY OF MANZANITA

| City of Manzanita, | Case Nos.: **17-V-524A/B** |
| Plaintiff, | **17-V-525A/B** |
| | **17-V-526A/B** |
| vs. | **DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| Sandra J. Petersen, an individual, | **ORAL ARGUMENT REQUESTED** |
| Defendant. | **(Estimated Time: 30 minutes)** |

## MOTION

Defendant Sandra Petersen respectfully moves the Court for an order (1) declaring the settlement agreement between Defendant and Plaintiff City of Manzanita to be a validly formed contract and (2) an order compelling specific performance of such agreement.

In support of this motion, Defendant relies on the following Memorandum of Points and Authorities, the attached Declaration of Christian Zupancic ("Zupancic Decl."), and the papers and pleadings on file herein.

## UTCR 5.010 STATEMENT

Defendant's counsel made a good-faith effort to confer with attorney Stacy Rodriguez, counsel for Plaintiff, by email correspondence from March 20, 2018 to March 28, 2018 concerning the issues set forth in this Motion. Counsel were unable to resolve such issues without the assistance of this Court.

---

**DEFENDANT'S MOTION TO TREAT VIOLATION AS CRIMINAL PROSECUTION**

Page 1 of 5

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Tel: (503) 747-9836 / Fax: (503) 902-7900

1

2

3

## MEMORANDUM OF POINTS AND AUTHORITIES

4

5      On February 28, 2018, Plaintiff City of Manzanita and Defendant Sandra Petersen

6   entered into a settlement agreement regarding the above-captioned case. *See* Zupancic Decl., Ex.

    A at pg. 1-2. The agreement stated that Ms. Petersen would pay $7,500, inclusive of all costs, as

7   well as register her property as a short-term rental for 2 years; in exchange, the City would hold

8   the charges in abeyance until Ms. Petersen fulfilled her obligations, after which the City would

9   dismiss the charges. *Id.*

10     The above settlement agreement between the two parties constituted a valid contract. In

11  general, Oregon follows the "objective" theory of contract formation. *Real Estate Loan Fund*

12  *Oreg. Ltd. v. Hevner*, 76 Or App 349, 354, 709 P2d 727, 730 (1985) ("In determining whether a

    contract exists and what its terms are, we examine the objective manifestations of intent, as

13  evidenced by the parties' communications and acts."). In this case, Defendant's attorney

14  Christian Zupancic proposed a settlement offer—via email— that was consistent with the

15  parties' discussions in a previous settlement conference. Zupancic Decl. at pg. 1. Plaintiff's

16  Attorney Stacy Rodriguez accepted those terms in a subsequent email. *Id.* Ms. Rodriguez further

17  affirmed the settlement agreement by delivering to Mr. Zupancic a "voluntary compliance

18  agreement" ("VCA") that embodied the agreed-upon terms.[1] The parties thereby formed a valid

19  contract. *Real Estate Loan Fund*, 76 Or App at 354 (1985).

20     Plaintiff may claim, on the other hand, that an agreement had not been formed because

21  the agreement was conditioned upon the judge's approval. *See* Zupancic Decl., Ex. A at pg. 1.

22  However, the fact that Ms. Rodriguez may have conditioned her acceptance does not change the

23

24  ───────────────

[1] On March 8, 2018, Ms. Rodriguez emailed the VCA to this Court for the purposes of finalizing the settlement
25  agreement with the judge's approval. *See* Zupancic Decl., Ex. B at pg. 6-7; Ex. C (final draft of VCA). In Ms.
    Rodriguez's email, she states, "Please advise so that we may formalize *this agreement…*" Zupancic Decl., Ex. B at
26  pg. 7 (emphasis added).

**DEFENDANT'S MOTION TO TREAT VIOLATION AS**
**CRIMINAL PROSECUTION**

1  fact that the contract had, in fact, been formed. Generally, Oregon courts have explained that
2  there is an explicit distinction between contract formation and contract enforcement. *See, e.g.*,
3  *Bridge City Family Med. Clinic, P.C. v. Kent & Johnson, LLP*, 270 Or App 115, 124, 346 P3d
4  658, 664 (2015) (settlement agreement was enforceable between two parties who had agreed to
5  basic terms in email exchange, despite condition that the agreement later be reduced to a writing,
6  because "condition precedent [was] not a condition on which the validity of an *acceptance* is
7  contingent; it is a condition on which *performance* is contingent.") (quoting *D'Angelo v. Schultz*,
8  110 Or.App. 445, 450, 823 P.2d 997 (1992), *rev. den.,* 313 Or. 209, 830 P.2d 595) (emphasis in
9  original.)

10      In this case, the contract between Plaintiff Ms. Petersen and Defendant had been formed
11  upon acceptance (via email) between the two parties: in turn, it was to be ultimately enforceable
12  upon assent from this Court. *Id*. Ms. Rodriguez's later communications regarding the settlement
13  terms do nothing to change this result. For example, some weeks after Ms. Rodriguez's tender of
14  the VCA to this Court, Ms. Rodriguez emailed Defense counsel Christian Zupancic in an effort
15  to impose entirely different terms. *See* Zupancic Decl, Ex. B at pg. 5. When pressed on the
16  matter, Ms. Rodriguez did not refute that a valid settlement agreement existed: instead, she stated
17  that her newly imposed terms were "what the judge [was] willing to accept." *Id*, Ex. B at pg. 4.[2]
18  Ms. Rodriguez had earlier emailed the VCA to this Court as a representation of the parties'
19  mutual understanding of an earlier settlement discussion with the judge. *Id*., Ex. B at pg. 6. Thus,
20  despite Ms. Rodriguez's subsequent communications regarding the agreed-upon terms, a valid
21  contract had already been formed. That contract was to be ultimately enforceable upon this
22  Court's (pending) approval. *Bridge City Family Med. Clinic,* 270 Or App at 124 (2015).

23

24

25  [2] In this and other communications, Rodriguez apparently did not mean to imply that she had had ex parte
    communications with the court. For the purposes of this motion, it is assumed that these communications did not
26  occur. *See, e.g.* Zupancic Decl., Ex. B at pp. 2-3.

**DEFENDANT'S MOTION TO TREAT VIOLATION AS
CRIMINAL PROSECUTION**

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Tel: (503) 747-9836 / Fax: (503) 902-7900

Page 3 of 5

1
2                                    **CONCLUSION**
3
        For the reasons discussed above, Defendant respectfully requests that this Court (1) issue
4
   an order and declaratory judgment declaring the parties' settlement agreement to be valid, as
5
   well (2) as an order compelling specific performance thereof.
6
7
   Respectfully submitted this ___April 9, 2018_____.
8
9
10                                 _____
                                   Submitted by Christian Zupancic, OSB No. 135475
11                                 Attorney for Defendant
                                   615 Broadway St., Suite 216
12                                 Seaside, OR 97138
                                   christian@zuplaw.com
13                                 Phone: (503) 747-9836 / Fax: (503) 902-7900
                                   Trial Attorney: Christian Zupancic
14
15
16
17
18
19
20
21
22
23
24
25
26
   **DEFENDANT'S MOTION TO TREAT VIOLATION AS**          Zuplaw Law Firm LLC
   **CRIMINAL PROSECUTION**                              615 Broadway St., Suite 216
                                                         Seaside, OR 97138
   Page 4 of 5                                   Tel: (503) 747-9836 / Fax: (503) 902-7900

1

## ATTORNEY CERTIFICATE OF SERVICE

2      I hereby certify that I served a true and correct copy of the foregoing, certified by me as such,

3 on the parties below on the date and in the manner indicated:

4

5 Stacy C. Rodriguez
217 N Hemlock
6 PO Box 952
Cannon Beach OR  97110
7 scrlaw00@gmail.com

8

9      On April_9__, 2018 by first class mail and email.

10

11

12      Christian Zupancic, OSB No. 135475
christian@zuplaw.com
13      615 Broadway St., Suite 216
Seaside, OR 97138
14      Tel: (503) 747-9836 / Fax: (503) 902-7900
Trial Attorney: Christian Zupancic, OSB No. 135475

15
      Attorney for Defendant, Sandra J. Petersen
16

17

18

19

20

21

22

23

24

25

26

**ATTORNEY'S CERTIFICATE OF SERVICE**

Page 5 of 5

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Phone: (503) 747-9836 / Fax: (503) 902-7900

1

2

3

4

5

6            IN THE MUNICIPAL COURT OF THE STATE OF OREGON

7               TILLAMOOK COUNTY, CITY OF MANZANITA

8

| | |
|---|---|
| City of Manzanita, | Case Nos.:  **17-V-524A/B** |
| Plaintiff, | **17-V-525A/B** |
| | **17-V-526A/B** |
| vs. | **DECLARATION OF CHRISTIAN** |
| | **ZUPANCIC IN SUPPORT OF** |
| | **DEFENDANT'S MOTION TO ENFORCE** |
| Sandra J. Petersen, an individual, | **SETTLEMENT AGREEMENT** |
| Defendant. | |

I, Christian Zupancic, hereby declare:

1.

I am counsel for Defendant Sandra Petersen.

2.

Exhibit A reflects a true and accurate copy of my email correspondence with Attorney Stacy Rodriguez, which exhibit is attached to this Declaration and made a part hereof.

3.

Exhibit B reflects a true and accurate copy of my email correspondence with Attorney Stacy Rodriguez, which exhibit is attached to this Declaration and made a part hereof.

4.

Exhibit C reflects a true and accurate copy of the voluntary compliance agreement ("VCA") that Attorney Stacy Rodriguez and I had negotiated and agreed upon in relation to this

**DECLARATION OF CHRISTIAN ZUPANCIC IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Page 1 of 3

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Tel: (503) 747-9836 / Fax: (503) 902-7900

1   case, which exhibit is attached to this Declaration and made a part hereof.

2

3      **I hereby declare that the above statement is true to the best of my knowledge and**

4   **belief, and that I understand it is made for use as evidence in court and is subject to penalty**

5   **for perjury.**

6

7   DATED this ___9___ day of April, 2018.

8

9                                          _____

10                                         Christian Zupancic, Counsel for Defendant Sandra
                                           Petersen

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

**DECLARATION OF CHRISTIAN ZUPANCIC IN SUPPORT OF**          Zuplaw Law Firm LLC
**DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**                 615 Broadway St., Suite 216
**AGREEMENT**                                                Seaside, OR 97138
                                                             Tel: (503) 747-9836 / Fax: (503) 902-7900

**Page 2 of 3**

1             **ATTORNEY CERTIFICATE OF SERVICE**

2        I hereby certify that I served a true and correct copy of the foregoing, certified by me as such,

3  on the parties below on the date and in the manner indicated:

4

5  Stacy C. Rodriguez
    217 N Hemlock

6  PO Box 952
    Cannon Beach OR  97110

7  scrlaw00@gmail.com

8

9      On April   9  , 2018 by first class mail and email.

10

11

12                 Christian Zupancic, OSB No. 135475
                    christian@zuplaw.com

13                 615 Broadway St., Suite 216
                   Seaside, OR 97138

14                 Tel: (503) 747-9836 / Fax: (503) 902-7900
                   Trial Attorney: Christian Zupancic, OSB No. 135475

15
                 Attorney for Defendant, Sandra J. Petersen

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY'S CERTIFICATE OF SERVICE

Page 3 of 3

Zuplaw Law Firm LLC
615 Broadway St., Suite 216
Seaside, OR 97138
Phone: (503) 747-9836 / Fax: (503) 902-7900

| | |
|---|---|
| **From:** | Stacy Rodriguez |
| **To:** | Christian Zupancic |
| **Subject:** | Re: Settlement discussions Part 2 |
| **Date:** | Wednesday, February 28, 2018 8:25:12 AM |
| **Attachments:** | image001.png |
| | image002.jpg |

If the judge will accept that, I will. He did just have another case with liability at 3.4 million (geesh) and they ultimately are paying +/- $50,000.

On Tue, Feb 27, 2018 at 11:02 AM, Christian Zupancic <christian@zuplaw.com> wrote:

Hi Stacy,


Owing to our last meeting with the judge, it seems that the right amount to settle for would be $7,500. If you can do this amount (all inclusive), my clients can make it work.


I also understand that they would need to register as a short term rental for two years, which they would be fine with as well.


Thanks,


**Christian Zupancic**





Zuplaw Law Firm, LLC

615 Broadway St., Suite 216

Seaside, OR · 97138

O. (503)747-9836 · Fax (503) 902-7900

www.zuplaw.com

christian@zuplaw.com


**Confidentiality Notice**: This email may contain privileged or confidential information.

If you believe you may have received this email in error, please delete all copies and notify the sender right away. Thank you!

--
Sincerely,

Stacy C. Rodriguez
Attorney at Law
PO Box 952
Cannon Beach, Oregon 97110
503-436-1960

Under recently issued IRS regulations, we must inform you that any US tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under federal tax law. By regulation, a taxpayer cannot rely on professional advice to avoid federal tax penalties unless that advice is reflected in a comprehensive tax opinion that conforms to strict requirements.

This email message is for the sole use of the intended recipient and may contain confidential and privileged information. Any review, use, disclosure or distribution by persons or entities other than the intended recipient is prohibited. If you are not the intended recipient, please contact the sender by reply and destroy all copies of the original message.

**From:** Stacy Rodriguez
**To:** Christian Zupancic
**Subject:** Re: FW: Petersen VCA- OEC 408 discussions
**Date:** Wednesday, March 28, 2018 12:12:33 PM
**Attachments:** image001.png
image002.jpg

Hi Christian,

I am currently on vacation so my response will be brief. I feel that the disposition in this case is really up to the judge at this point. As you know judges maintain ultimate discretion.

On Wed, Mar 28, 2018 at 6:36 AM Christian Zupancic <christian@zuplaw.com> wrote:

Stacy,


I wanted to make sure you received the below email. As of yet, I haven't received any response regarding the issues I've raised.


Please respond by Friday, if possible. If I don't hear anything by that time, I will assume that the City does not intend to abide by our agreement, and I will proceed to file a motion to enforce the settlement agreement with the court.


**Christian Zupancic**



Zuplaw Law Firm, LLC

615 Broadway St., Suite 216

Seaside, OR - 97138

O. (503)747-9836 · Fax (503) 902-7900

www.zuplaw.com

christian@zuplaw.com

**Confidentiality Notice**: This email may contain privileged or confidential information. If you believe you may have received this email in error, please delete all copies and notify the sender right away. Thank you!

**From:** Christian Zupancic
**Sent:** Tuesday, March 20, 2018 10:06 AM
**To:** 'Stacy Rodriguez'
**Subject:** RE: Petersen VCA- OEC 408 discussions

Stacy,

I just spoke with Maggie, and she informed me that—as would be expected—the judge did not have any input whatsoever into the terms of settlement. Maggie and I both agreed that it would be odd for a judge to try and alter the terms of a settlement that the parties had already reached. This is especially true given the previous settlement conference between you, me, and the judge. In that conference, I discussed the possibility of a $7,500 settlement, inclusive of all attorney fees and any other costs or expenses. We discussed how the $7,500 could fairly account for the lost fees and taxes incurred by the city, your fees, and an appropriate penalty for my client. The judge encouraged a settlement of this nature.

Later, my client agreed to accept the $7,500 amount as indicated. I emailed you this offer, which you then accepted by email. You subsequently sent me the VCA detailing the terms to which we had agreed. After a few edits, you created a final draft of our agreement and submitted it to the court for approval.

Some days later, you emailed me in order to offer what appeared to be new terms for settlement. You noted that "the City" requested these terms: understandably, I was confused, as you represent the City and had already accepted a settlement on its behalf. You then informed me that these new terms where what "the judge was willing to accept": this also seemed odd, and furthermore turned out to be untrue.

You can likely understand why I am having some difficulty processing all of this. I am hoping that there is some explanation. But in any event, my client and I are expecting that the City will abide by the terms to which it has agreed.

**Christian Zupancic**



Zuplaw Law Firm, LLC

615 Broadway St., Suite 216

Seaside, OR · 97138

O. (503)747-9836 · Fax (503) 902-7900

www.zuplaw.com

christian@zuplaw.com

**Confidentiality Notice**: This email may contain privileged or confidential information. If you believe you may have received this email in error, please delete all copies and notify the sender right away. Thank you!

**From:** Stacy Rodriguez [mailto:scrlaw00@gmail.com]
**Sent:** Monday, March 19, 2018 1:00 PM
**To:** Christian Zupancic
**Subject:** Re: Petersen VCA

My understanding is that this is what the judge is willing to accept. I can confirm this if needed.

On Mon, Mar 19, 2018 at 12:57 PM Christian Zupancic <christian@zuplaw.com> wrote:

Stacy,

Please explain what this means. We had an agreement with certain terms, and this appears to be in contravention of that agreement. I understand that all parties did not sign the VCA yet, but we had agreed (in writing via emails) to essential terms that appear to have been altered here.

Has the judge made some request that I am unaware of? You mention that "The City is willing to accept a fine of $7500 plus attorney fees and the estimated delinquent transient lodging taxes of $1,856.25..." The $7,500 was to be inclusive of your fees and all estimated taxes, as outlined in the terms of the VCA.

**Christian Zupancic**



Zuplaw Law Firm, LLC

615 Broadway St., Suite 216

Seaside, OR · 97138

O. (503)747-9836 · Fax (503) 902-7900

www.zuplaw.com

christian@zuplaw.com

**Confidentiality Notice**: This email may contain privileged or confidential information. If you believe you may have received this email in error, please delete all copies and notify the sender right away. Thank you!

**From:** Stacy Rodriguez [mailto:scrlaw00@gmail.com]
**Sent:** Monday, March 19, 2018 12:40 PM
**To:** Christian Zupancic
**Cc:** Maggie Hogland
**Subject:** Re: Petersen VCA

The City is willing to accept a fine of $7500 plus attorney fees and the estimated delinquent transient lodging taxes of $1,856.25. The City also wants Ms. Peterson placed on probation for 60 months to assure that she will not continue to rent her house. The City would be willing to accept a 36 month probation term if Ms. Peterson agrees to go through the process to obtain a short term rental license.

On Fri, Mar 16, 2018 at 11:55 AM Christian Zupancic <christian@zuplaw.com> wrote:

Hi Stacy and Maggie,

Just checking in—any word as to whether Judge Blake is ok with the terms of the VCA?

Thanks-

**Christian Zupancic**

Zuplaw Law Firm, LLC

615 Broadway St., Suite 216

Seaside, OR · 97138

O. (503)747-9836 · Fax (503) 902-7900

www.zuplaw.com

christian@zuplaw.com

**Confidentiality Notice**: This email may contain privileged or confidential information. If you believe you may have received this email in error, please delete all copies and notify the sender right away. Thank you!

**From:** Stacy Rodriguez [mailto:scrlaw00@gmail.com]
**Sent:** Thursday, March 08, 2018 2:09 PM
**To:** Maggie Hogland
**Cc:** Christian Zupancic
**Subject:** Petersen VCA

Hi Maggie,

Christian and I have been communicating about settlement on this case based on our meeting with Judge Blake. The attached VCA is the proposal from Mr. Zupancic. We would like to inquire whether Judge Blake would be willing to accept these terms. I can say that my fees will be between $1500 and $2000.

Please advise so that we may formalize this agreement or continue to negotiate.

Thanks

--

Sincerely,

Stacy C. Rodriguez

Attorney at Law

PO Box 952

Cannon Beach, Oregon 97110

503-436-1960

Under recently issued IRS regulations, we must inform you that any US tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under federal tax law. By regulation, a taxpayer cannot rely on professional advice to avoid federal tax penalties unless that advice is reflected in a comprehensive tax opinion that conforms to strict requirements.

This email message is for the sole use of the intended recipient and may contain confidential and privileged information. Any review, use, disclosure or distribution by persons or entities other than the intended recipient is prohibited.  If you are not the intended recipient, please contact the sender by reply and destroy all copies of the original message.

--

Sincerely,

Stacy C. Rodriguez

Attorney at Law

PO Box 952

Cannon Beach, Oregon 97110

503-436-1960

Under recently issued IRS regulations, we must inform you that any US tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under federal tax law. By regulation, a taxpayer cannot rely on professional advice to avoid federal tax penalties unless that advice is reflected in a comprehensive tax opinion that conforms to strict requirements.

This email message is for the sole use of the intended recipient and may contain confidential and privileged information. Any review, use, disclosure or distribution by persons or entities other than the intended recipient is prohibited. If you are not the intended recipient, please contact the sender by reply and destroy all copies of the original message.

--

Sincerely,

Stacy C. Rodriguez

Attorney at Law

PO Box 952

Cannon Beach, Oregon 97110

503-436-1960

Under recently issued IRS regulations, we must inform you that any US tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under federal tax law. By regulation, a taxpayer cannot rely on professional advice to avoid federal tax penalties unless that advice is reflected in a comprehensive tax opinion that conforms to strict requirements.

This email message is for the sole use of the intended recipient and may contain confidential and privileged information. Any review, use, disclosure or distribution by persons or entities other than the intended recipient is prohibited. If you are not the intended recipient, please contact the sender by reply and destroy all copies of the original message.

--
Sincerely,

Stacy C. Rodriguez
Attorney at Law
PO Box 952
Cannon Beach, Oregon 97110
503-436-1960

Under recently issued IRS regulations, we must inform you that any US tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of avoiding penalties that may be imposed under federal tax law. By regulation, a taxpayer cannot rely on professional advice to avoid federal tax penalties unless that advice is reflected in a comprehensive tax opinion that conforms to strict requirements.

---

This email message is for the sole use of the intended recipient and may contain confidential and privileged information. Any review, use, disclosure or distribution by persons or entities other than the intended recipient is prohibited.  If you are not the intended recipient, please contact the sender by reply and destroy all copies of the original message.

FOR THE CITY OF MANZANITA
COUNTY OF TILLAMOOK, STATE OF OREGON

VOLUNTARY COMPLIANCE AGREEMENT

NAME: Sandra Petersen
MANZANITA PROPERTY ADDRESS: 181 Edmund, Manzanita, Oregon 97131
MAILING ADDRESS: PO Box 792, Greenacres, Washington  99016

Sandra Petersen is the owner of the address listed above which is located in the City of
Manzanita, County of Tillamook, State of Oregon.

Sandra Petersen enters pleas of guilty to the charges listed on Citation Nos:
17-V-000524 A/B, 17-V-000525 A/B, 17-V-000526 A/B, 17-V-000580, 17-V-000581,
17-V-000582 A/B and agrees as follows:

1. The City agrees to hold this citation in exchange for the execution of this
   agreement.

2. The homeowner(s) agree to follow and abide by all terms of the short term
   rental/transient lodging tax ordinances of the City of Manzanita, specifically
   those portions of the ordinance that may be attached hereto and made a
   material part hereby reference.

3. I/We will keep the Court advised of any change of home ownership and/or
   change of mailing address.

4. Failure to comply with this Voluntary Compliance Agreement may result in
   execution of a Money Judgment in the amount of $1,875,500.00, for the
   ordinance violations that are the subject of this agreement.  I also agree that as
   part of this agreement, I will pay a fine in the amount of $7,500.00 which
   includes reimbursing the City of Manzanita for the fees of the City Prosecutor.

5. This Voluntary Compliance Agreement will terminate two years from the date of
   execution of this agreement, at which time the City will dismiss the citation.

I hereby understand the terms, conditions and subsequent consequences and enter into
the voluntary compliance agreement.

_____          _____
Homeowner Signature/ Printed Name                          Date
Sandra Petersen

Agreement to terms/signature_____          _____
                            City Prosecutor                Date

Agreement to terms/signature_____          _____
                            Defendant Attorney             Date

EXHIBIT C - Page 1 of 1

1

2

3

4

5

6                   IN THE CIRCUIT COURT OF THE STATE OF OREGON

7             FOR THE COUNTY OF TILLAMOOK, CITY OF MANZANITA

8
CITY OF MANZANITA                        )    Case Nos. 17-V-000524 A/B, 17-V-000525
9                                             )    A/B, 17-V-000526 A/B, 17-V-000580, 17-V-
                    Plaintiff,               )    000581, 17-V-000582 A/B
10                                            )
   v.                                        )
11                                            )    MOTION FOR ORDER TO SHOW CAUSE
   SANDRA J. PETERSEN,                       )    RE: VIOLATION OF VOLUNTARY
12                                            )    COMPLIANCE AGREEMENT
                    Defendant.               )
13                                            )

14

15          Stacy C. Rodriguez, Manzanita City Prosecutor, moves this Court for an Order to Show

16   Cause, if any exists why Sandra Petersen's Voluntary Compliance Agreement dated should not be

17   revoked and imposition of the full presumptive fine of $1,875,500.00 should not be imposed.  This

18   motion is supported by the attached Sworn Declaration of Counsel and the files and records herein.

19          DATED this ___25th___ day of April, 2018.

20

21

22                          _____
                            Stacy C. Rodriguez, OSB #004419
23                          Manzanita City Prosecutor

24

25

26

PAGE 1- SWORN DECLARATION OF COUNSEL

1    IN THE CIRCUIT COURT OF THE STATE OF OREGON

2    FOR THE COUNTY OF TILLAMOOK, CITY OF MANZANITA

3

4    CITY OF MANZANITA

5              Plaintiff,

6    v.

7    SANDRA J. PETERSEN,

8              Defendant.

9

| | |
|---|---|
| ) | Case Nos. 17-V-000524 A/B, 17-V-000525 A/B, 17-V-000526 A/B, 17-V-000580, 17-V-000581, 17-V-000582 A/B |
| ) | |
| ) | |
| ) | |
| ) | SWORN DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR ORDER TO SHOW CAUSE |
| ) | |
| ) | |
| ) | |

10   STATE OF OREGON          )
                                )   ss:
11   County of Clatsop         )

12   I, Stacy C. Rodriguez, Manzanita City Prosecutor, being first duly sworn, depose and say:

13   1.    I write this affidavit in support of my Motion for Order to Show Cause Re: Violation

14        of the defendant's Voluntary Compliance Agreement.

15   2.    Defendant, Sandra Petersen is subject to a Voluntary Compliance Agreement which

16        was approved by the court on April 20, 2018, signed nunc pro tunc to February 28, 2018.

17   3.    On April 23, 2018, I received an affidavit from code enforcement officer, Judy

18        Wilson detailing violations of the Voluntary Compliance Agreement. See attached as

19        Exhibit 1, Judy Wilson's affidavit, incorporated by reference herein.

20

21   I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY
     KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS
22   EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

23   DATED this ____ day of April, 2018.

24

25   _____
     Stacy C. Rodriguez, OSB #004419
26   Manzanita City Prosecutor

PAGE 1 - AFFIDAVIT IN SUPPORT OF MOTION FOR ORDER
TO SHOW CAUSE RE: VIOLATION OF VOLUNTARY
COMPLIANCE AGREEMENT

IN THE MUNICIPAL COURT OF THE STATE OF OREGON
FOR THE CITY OF MANZANITA

CITY OF MANZANITA          )
      **Plaintiff**            )
       -vs-               )
                          )
Sandra J. Petersen,        )     **AFFIDAVIT OF JUDY WILSON**
PO Box 792              )
Greenacres, WA  99016    )
             **Defendant**   )

I, Judy Wilson, am the Code Enforcement Officer for the City of Manzanita and I am familiar with the Court's file in the matter of the above named defendant. The defendant entered into a voluntary compliance agreement for two (2) years, so ordered by Honorable Larry J. Blake, the Manzanita Municipal Court effective February 28, 2018.

On April 5, 2018, Manzanita Police Chief Erik Harth responded to Sandra J. Petersen's property at 181 Edmund Lane, Manzanita, Oregon, regarding a possible theft of service.  During his contact with the occupant, Jennifer Garrison; Ms. Garrison stated that she was renting the house and had paid $65.00 a night for three nights.  Upon further investigation, Chief Harth determined that Ms. Garrison was renting 181 Edmund Lane which is not a licensed short term rental.

On April 6, 2018, new citations were issued to Sandra J. Petersen for violation of Manzanita City Ordinances:

1. *16-03, Section 6(A) - Failure to register with the City Tax Administrator prior to commencing business as Transient Lodging; and*
2. *10-03, Section 2 – Made available a dwelling unit on a short term rental basis without first obtaining the required City license.*

EXHIBIT 1--PAGE 1

Based upon this police report and the filing of new charges, I am requesting the Court to issue a Show Cause Order requiring Sandra J. Petersen to appear and show cause why the Voluntary Compliance Agreement should not be revoked and the full presumptive fine imposed.

DATED this 23rd day of April, 2018

_____
Judy Wilson, Manzanita Code Enforcement Officer 612

1

2

3

4

5

6       IN THE CIRCUIT COURT OF THE STATE OF OREGON

7       FOR THE COUNTY OF TILLAMOOK, CITY OF MANZANITA

8
CITY OF MANZANITA                          )    Case Nos. 17-V-000524 A/B, 17-V-000525
9                                          )    A/B, 17-V-000526 A/B, 17-V-000580, 17-V-
            Plaintiff,                      )    000581, 17-V-000582 A/B
10                                         )
    v.                                      )
11                                         )    ORDER TO SHOW CAUSE
    SANDRA J. PETERSEN,                     )    RE: VIOLATION OF VOLUNTARY
12                                         )    COMPLIANCE AGREEMENT
            Defendant.                      )
13                                         )

14

15

16          THIS MATTER came before the Court on City Attorney's Motion and Affidavit.   The Court

17     having reviewed the records and files herein, and finding good cause and necessity for this order and

18     being fully advised;

19          NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant, Sandra Petersen, appear

20     before the Manzanita Municipal Court on August 10, 2018 at 2:00 p.m. to show cause, if any exists,

21     why the Voluntary Compliance Agreement dated February 28, 2018 should not be revoked and the

22     full presumptive fine should not be imposed.

23          DATED _____.

24

25                                              _____
                                                Larry Blake
26                                              Municipal Court Judge

PAGE   1   ORDER TO SHOW CAUSE

1

2

3                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

4              FOR THE COUNTY OF TILLAMOOK, CITY OF MANZANITA

5

6    CITY OF MANZANITA                    )    Case Nos. 17-V-000524 A/B, 17-V-000525
                                          )    A/B, 17-V-000526 A/B, 17-V-000580, 17-V-
7                    Plaintiff,           )    000581, 17-V-000582 A/B
                                          )
8    v.                                   )    SWORN DECLARATION OF COUNSEL
                                          )    IN SUPPORT OF MOTION FOR ORDER
9    SANDRA J. PETERSEN,                  )    TO SHOW CAUSE
                                          )
10                   Defendant.           )
                                          )
11                                        )

12          I hereby certify that on the _____ day of April, 2018.  I served the foregoing
     Motion for Order to Show Cause Re: Violation of Voluntary Compliance Agreement, Sworn
13   Declaration in Support and Proposed Order on:

14   Christian Zupancic

15   christian@zuplaw.com

16   ☒    by electronic mailing true copy/copies thereof, certified by me as such, to the e-mail address
17         designed for electronic communication at the individual's e-mail address as listed above.

18          DATED this _____ day of April, 2018.

19

20                                              _____
                                                Stacy C. Rodriguez, OSB# 004419
21                                              Manzanita City Prosecutor

22

23

24

25

26

PAGE 1 - CERTIFICATE OF SERVICE